UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NICOLE A. REISTER,

            Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. 3:23-cv-06165-GJL

ORDER ON PLAINTIFF'S CONTESTED MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES AND EXPENSES

Pending before the Court is Plaintiff Nicole A. Reister's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. Dkt. 21. Defendant objects to the Motion, arguing the Court should reduce Plaintiff's fee request because the amount sought is unreasonable. Dkt. 24. For the reasons set forth herein, Plaintiff's Motion (Dkt. 21) is **GRANTED**.

I.        **STANDARD**

In any action brought by or against the United States, the EAJA states "a court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special

1 circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "[T]he fee applicant bears the

2 burden of establishing entitlement to an award and documenting the appropriate hours

3 expended." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983).

4       If the government disputes the reasonableness of the fee, it "has a burden of rebuttal that

5 requires submission of evidence to the district court challenging the accuracy and reasonableness

6 of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."

7 *Gates v. Deukmejian*, 987 F.2d 1392, 1397–98 (9th Cir. 1992) (citations omitted). The Court has

8 an independent duty to review the submitted itemized log of hours to determine the

9 reasonableness of hours requested in each case. *See Hensley*, 461 U.S. at 433, 436–37.

10       Once the Court determines a plaintiff is entitled to a reasonable fee, "the amount of the

11 fee, of course, must be determined on the facts of each case." *Id*. at 429, 433 n.7. "When the

12 district court makes its award, it must explain how it came up with the amount. The explanation

13 need not be elaborate, but it must be comprehensible. As *Hensley* described it, the explanation

14 must be 'concise but *clear*.'" *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008)

15 (emphasis in original, citations omitted). In determining whether the hours expended were

16 reasonable, this Court will consider: (1) awards in similar cases; and (2) the novelty and

17 difficulty of the questions involved in this case. *See Hensley*, 461 U.S. at 429–30 n.3; *Johnson v.*

18 *Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Furthermore, "a district

19 court can impose a reduction of up to 10 percent—a 'haircut'—based purely on the exercise of

20 its discretion and without more specific explanation." *Costa v. Comm'r of SSA,* 690 F.3d 1132,

21 1136 (9th Cir. 2012) (citing *Moreno,* 534 F.3d at 1112–13).

ORDER ON PLAINTIFF'S CONTESTED MOTION FOR EQUAL ACCESS TO JUSTICE ACT FEES AND EXPENSES - 2

## II. DISCUSSION

Plaintiff was the prevailing party insofar as the Court reversed the Commissioner's denial of benefits and remanded her case for further proceedings. *See generally*, Dkt. 19. According to Plaintiff's counsel, the Commissioner's original denial of benefits was not substantially justified, and therefore Plaintiff's counsel requests EAJA fees in the sum of $7,053.44, which includes $6,800.44 for 27.8 attorney hours and $253.00 for 2.3 hours of paralegal time. *See* Dkt. 21-2 at 1. Further, in reply to Defendant's objection to the Motion, Plaintiff requests an additional 4.6 hours expended defending this Motion. *See* Dkt. 26.

Defendant does not argue substantial justification, but contends the Court should reduce Plaintiff's fee request because the amount sought is unreasonable. Dkt. 24. Specifically, Defendant claims that fees: (1) should not be awarded for time spent on reply briefing that did not benefit Plaintiff, and (2) should be reduced by 20% for time spent on the Opening Brief. *Id*. at 3–7. As a result, Defendant urges this Court to reduce the requested fee award to $5,360.67, and $8.31 in expenses.[1] *Id*. at 8–9.

### A. Fees for Reply Briefing

Defendant contends that Plaintiff's attorney fees should be reduced because Plaintiff did not improve her position by rejecting Defendant's settlement offer made after the filing of the Opening Brief and, thus, time spent on a reply brief was not reasonably expended. Dkt. 24 at 3–4. The Court disagrees.

As set forth above, the Court may award EAJA fees for attorney hours reasonably expended by plaintiff's counsel. 28 U.S.C. § 2412(d)(2)(A). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the

---

[1] Defendant does not object to Plaintiff's request for $8.31 in expenses. *See* Dkt. 21; Dkt. 24 at 2.

litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award. *Id*. at 434. The Court must also consider the results obtained when determining whether the fees requested by a prevailing party for an unsuccessful appeal are reasonable. *Atkins v. Apfel*, 154 F.3d 986, 986, 989 (9th Cir. 1998) (citing *Hensley*, 461 U.S. 424).

In this case, Plaintiff filed an Opening Brief on April 4, 2024. Dkt. 13. She asserted error in the evaluation of (1) the medical evidence; (2) her symptom testimony; (3) lay witness evidence; and (4) her residual functional capacity to include the decision regarding the ability to perform other work. Dkt. 13. She requested remand for an award of benefits or, in the alternative, further administrative proceedings. *Id*. at 18.

On May 3, 2024, counsel for Defendant filed an unopposed Motion to amend the scheduling order. Dkt. 15. In the Motion, counsel requested additional time to file a response to the Opening Brief in order to consult with Defendant regarding settlement options and to file a Responsive Brief should settlement not be achieved. *Id*. The Court granted the Motion to amend the scheduling order, thereby allowing time for Plaintiff to consider a proposal and for counsel for Defendant to file a stipulated motion for remand or, absent settlement, an opposition brief. Dkt. 16.

The parties did not reach a settlement and Defendant filed a brief requesting remand for further administrative proceedings. Dkt. 17. Defendant conceded that the Administrative Law Judge ("ALJ") erred in evaluating some evidence in determining that Plaintiff was not disabled. Dkt. 17 at 4. However, Defendant requested a remand to the ALJ for further proceedings in light of the conflicting medical opinions and medical and other evidence, and requested that the Court not credit some opinions above others or credit Plaintiff's testimony. *Id*. at 6–9. More

specifically, Defendant proposed a remand for a new hearing for the ALJ to update the record as necessary; reassess the medical evidence; reevaluate the medical opinion from Rebecca Renn, M.D., and explain any restrictions not adopted in the Residual Functional Capacity ("RFC") finding; and, make a new finding as to Plaintiff's RFC in light of the updated record. *Id*. at 5.

Plaintiff, in reply, continued to maintain all errors originally assigned and again argued in favor of a remand for an award of benefits or, alternatively, further administrative proceedings. Dkt. 18. Plaintiff also requested that, in the alternative, the Court direct a remand for a new hearing before a different ALJ, arguing in part that because Defendant's request for remand does not require the ALJ to reevaluate *all* of the evidence and because the previously assigned ALJ "is apparently unwilling to fairly consider disability claims that have been successfully appealed to court," (Dkt. 18 at 6), a different ALJ on remand was necessary. Dkt. 18 at 5–6.

On September 11, 2024, the Court issued a decision remanding the case for further administrative proceedings. Dkt. 19. Specifically, the Court agreed with Defendant that evidence favoring a more restrictive RFC, in particular Plaintiff's testimony on improvement after continuing her medications, was "ambiguous at most," and that Plaintiff had not justified reassignment to a different ALJ. *Id*. at 4–6. However, the Court's Order on remand was general in nature, and not limited to the issues or reevaluation of testimony offered by Defendant. *See* Dkt. 17 at 5; Dkt. 19, 20. As such, it was reasonable for Plaintiff to argue that her case be remanded for reevaluation of all of the evidence, as the Court did not issue a decision fully consistent with the Defendant's position in the brief requesting remand. Therefore, the Court finds the time spent on the Reply Brief was reasonably expended and should not be excluded from the fee award.

//

**B.    Opening Brief**

Defendant also contends that a 20% reduction in the time spent on the Opening Brief is warranted, based on Plaintiff's use of two attorneys and inclusion of routine issues and unnecessary recitations of facts in the record. Dkt. 24 at 5–7. The Commissioner asserts that the briefing in this case recalls at least three other cases in which this Court reduced the amount awarded to the plaintiff for duplicative work and extensive summaries of the record. *Id*. at 5–7 (citing *Randall v. Berryhill*, No. 16-cv-05578-BHS, Dkt. 25 at 4 (W.D. Wash. Aug. 14, 2017); *Martin v. Berryhill*, No. 16-05344-TLF, 2017 WL 3581635, at *2 (W.D. Wash. Aug. 17, 2017); *Robinson v. Berryhill*, No. 3:16;-cv-06002-JRC, 2018 WL 2441747, at *4 (W.D. Wash. May 31, 2018)).

In view of the parties' briefing and the lengthy administrative record in this case, the Court cannot conclude that Plaintiff's counsel spent an unreasonable number of hours on this case. The administrative record in this case totaled 1,195 pages, and while the issues were not particularly complex, the size of the record dwarfs the 738-page record of *Martin* and is similar to the 1,381-page record of *Randall*, two of the cases cited by Commissioner. Dkt. 24 at 5. Although the Opening Brief contained long summaries of the medical record, the Court does not find that the brief failed to connect its references to the record with meaningful legal arguments. *See* Dkt. 13. In addition, after reviewing counsel's itemization of time spent on different tasks in preparing the case, the Court accepts the statement of Plaintiff's counsel that the two attorneys and one paralegal who worked on the case did not duplicate their efforts. *See* Dkt. 21-2; Dkt. 26 at 2–4. In fact, the Court recognizes that legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process. Here the record reflects that duplicative work was necessary to the litigation, and each

1  duplicate billing entry includes time billed for substantive work. Therefore, the Court finds that

2  all time spent on the Opening Brief was reasonably expended and should not be excluded from

3  the fee award.

4  **C.     Reply to EAJA Motion**

5        Plaintiff also requests an additional 4.6 hours expended in defending this Motion, for

6  time spent researching and drafting the Reply. Dkt. 26 at 4. Based on the 2023-2024 Attorney

7  EAJA Fee Per Hour, these hours total an additional amount of $1,125.25. *See* Dkt. 21-2.

8  Anticipating this request, Defendant objected to such an additional fee in its opposition to the

9  Motion. *See* Dkt. 24 at 7. However, given the results obtained in this fee litigation, the Court

10 finds Plaintiff's request is reasonable. *See Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 157

11 (1990) (fees for time and expenses incurred in applying for fees were covered in EAJA cases).

12       **III.     CONCLUSION**

13       For the above stated reasons, the Court **GRANTS** Plaintiff's Motion for Attorney Fees

14 and Expenses (Dkt. 21) in the amount of $7,053.44 and expenses in the sum of $8.31. Subject to

15 any offset allowed under the Treasury Offset Program, as discussed in *Astrue v. Ratliff*, 560 U.S.

16 586 (2010), payment of this award shall be sent to Plaintiff's attorney.

17       The Commissioner shall contact the Department of Treasury after the Order for EAJA

18 fees is entered to determine if the EAJA fees are subject to any offset. If it is determined that

19 Plaintiff's EAJA fees are not subject to any offset allowed pursuant to the Department of the

20 Treasury's Offset Program, then the check for EAJA fees shall be made payable to Eitan Kassel

21 Yanich, based on Plaintiff's assignment of these amounts to Plaintiff's attorney. *See* Dkt. 23. If

22 there is an offset, the remainder shall be made payable to Plaintiff, based on the practice of the

23 Department of the Treasury. *See*, *e.g.*, Case No. 2:15-cv-122, Dkt. 22, at 4. Any check for EAJA

24

fees shall be mailed to Plaintiff's counsel, Eitan Kassel Yanich, at his office at Law Office of Eitan Kassel Yanich, PLLC, 203 Fourth Avenue E., Suite 321, Olympia, Washington 98501. Any payment of the fee may also be made to Plaintiff's counsel by electronic funds transfer (EFT).

Dated this 4th day of February, 2025.

Grady J. Leupold
United States Magistrate Judge